UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| FRANK DEPINTO ) | |
| ) | |
| v. ) | Case No. 1:13-cv-155 |
| ) | *Mattice/Carter* |
| SHERIFF JIM HAMMOND, ) | |
| CHIEF FUSION, HAMILTON ) | |
| COUNTY SHERIFF'S DEPARTMENT, ) | |
| MIKE DUNN, ) | |
| COUNTY MAYOR'S OFFICE ) | |

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Frank DePinto, *pro se*, has filed an application to proceed *in forma pauperis* (Doc. 1). For the reasons stated herein, it is RECOMMENDED this action be DISMISSED and the application to proceed *in forma pauperis* be DENIED as moot.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.). The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550

U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93, (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff brings this action under "United States Tort Law" for intentional infliction of emotional distress and assault seeking punitive damages in the amount of $3 million for "extreme emotional distress/terror" allegedly "stemming from an unprovoked assault, attempted –physical-injury [sic], and harassment attack [sic] by 5 county sheriffs [sic] park rangers… on the RiverWalk." (Complaint, Doc. 2, Page ID # 13).

None of the defendants named in this action are federal employees or a federal agency; accordingly, the Federal Torts Claim Act, 28 U.S.C. § 2674, does not apply. *See* 28 U.S.C. § 2674.[1] Moreover, there is no other federal question raised by plaintiff's complaint. Thus, jurisdiction under 29 U.S.C. § 1331, otherwise known as federal question jurisdiction, does not apply. Rather, this tort action must be brought under Tennessee state law for intentional infliction of emotional distress and assault.

Generally, in order to bring a state law claim in federal court against a defendant who is not a federal employee or a federal agency, there must be subject matter jurisdiction under 28 U.S.C. § 1332. *See Petroleum Enhancer, LLC v.* Woodward, 690 F.3d 757, 765 (6th Cir. 2012), 28 U.S.C. § 1332; *Stryker Corp.v. XL Ins. America*, 681 F.3d 806, 815 (6th Cir. 2012). Subject

---

[1] 28 U.S.C. § 2674 provides in relevant part,

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

matter under 28 U.S.C. § 1332 requires complete diversity of citizenship between plaintiffs and defendants and an amount in controversy exceeding $75,000. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) ("A federal district court has original 'diversity' jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. 1332(a)."). In this case, Mr. DePinto did not allege diversity of citizenship, and defendants and the plaintiff appear to be citizens of Tennessee. Thus dismissal for lack of subject matter jurisdiction is appropriate. *See Bibbins v. P. & S. School Supply*, 142 F.3d 431, *1 (Mar. 17, 1998) (dismissing for failure to allege diversity of citizenship in an action based on State law claims); *Kuntz v. City of Dayton*, 99 F.3d 1139, *1 (Oct. 22, 1996) (same).

Accordingly, for the reasons stated herein, it is RECOMMENDED[2] plaintiff's action be DISMISSED without prejudice and his motion to proceed *in forma pauperis* be DENIED as moot.

S /William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[2]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file of objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 149, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).